UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DALE R. EISENHUT, et al.,<br><br>Defendants. | CASE NO. C09-0835JLR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the court on Plaintiff Allstate Indemnity Company's ("Allstate") motion for summary judgment (Dkt. # 19) against Defendants Dale R. Eisenhut, Kathryn M. Seil, and C.A.E., a minor (collectively, "the Eisenhuts"), and Defendants Jeffrey V. Fleming, Dorita M. Fleming, and Jeffrey V. Fleming as Guardian ad Litem for I.D.F., a minor (collectively, "the Flemings"). The Eisenhuts are in default (Dkt. # 14) and the Flemings did not respond to Allstate's motion. Having considered the

ORDER- 1

motion and the materials in the record, the court GRANTS Allstate's motion for summary judgment.

## I.  BACKGROUND

On October 2, 2008, the Flemings filed a lawsuit against the Eisenhuts in the Kitsap County Superior Court. (*See generally* Aff. of Douglas Foley ("Foley Aff.") (Dkt. # 20) Ex. A.) In their complaint, the Flemings allege that on October 5, 2006, C.A.E. attacked I.D.F. in South Kitsap Community Park without provocation, causing I.D.F. serious injuries. (*Id.* ¶ 8.) The Flemings seek damages resulting from C.A.E.'s alleged assault and battery, and from Mr. Eisenhut and Ms. Seil's alleged negligent supervision of C.A.E. (*Id.* ¶¶ 8-12.) The complaint includes demands for physical and emotional damages, as well as damages under RCW 4.24.190. (*Id.*)

Ms. Seil carried an Allstate insurance policy (the "Policy") at the time of the alleged attack. (Foley Aff. Ex. B at 4.) On June 23, 2009, Allstate filed the instant lawsuit against both the Eisenhuts and the Flemings seeking a declaratory judgment that Allstate has no duty to defend or indemnify the Eisenhuts in the underlying case.[1] (*See generally* Compl. (Dkt. # 1); Am. Compl. (Dkt. # 7).) Counsel for the Flemings appeared in this case, but the Eisenhuts failed to respond to Allstate's complaint. In October 2009,

---

[1] The underlying complaint alleges that Mr. Eisenhut and Ms. Seil "are believed to be the parents" of C.A.E., and that "it is not known whether Dale R. Eisenhut and Kathryn M. Seil are married . . . ." (Foley Aff. Ex. A ¶ 3.) Allstate submitted only Ms. Seil's policy with its motion. (*Id.* Ex. B at 2-4.) Thus, it is unclear from the record whether Mr. Eisenhut and C.A.E. are truly insured under the Policy. The most favorable scenario for the Eisenhuts, however, is to assume, as does Allstate (*see* Mot. at 2), that the policy affords the Eisenhuts more coverage rather than less. Therefore, the court assumes that Mr. Eisenhut and C.A.E. are insured under Ms. Seil's policy for the purposes of evaluating Allstate's motion for summary judgment.

the court granted Allstate's motion for default against the Eisenhuts, but denied Allstate's motion for default judgment pursuant to Federal Rule of Civil Procedure 54(b).  (*See generally* Order Granting Default (Dkt. #14); Order Den. Default J. (Dkt. # 17).)  On February 25, 2010, Allstate filed the instant motion for summary judgment.  (*See generally* Mot. (Dkt. # 19).)  Allstate argues that the Policy does not cover the Eisenhuts because the Flemings' complaint "fails to allege conduct constituting a defined 'occurrence,' and arises out of conduct excluded from coverage: intentional or criminal acts" and negligent supervision.  (*Id*. at 2; 10-11).  Because the Eisenhuts are in default and the Flemings did not respond, Allstate's motion is unopposed.

## II.     ANALYSIS

**A.     Summary Judgment Standard**

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits," when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007).  The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law.  *Celotex*, 477 U.S. at 323.  Although this court's local rules provide that "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit," Local Rules W.D. Wash. CR 7(b)(2), the court must, nevertheless, determine whether Allstate has met its initial burden to show

that it is entitled to summary judgment, *see Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003).

**B.     Governing Law**

Washington follows the objective theory of contracts, which focuses on the objective manifestations of the agreement.[2]  *Hearst Comm'ns, Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (Wash. 2005).  Thus, in interpreting a contract, the court will "attempt to determine the parties' intent by focusing on the objective manifestations of the agreement, rather than the unexpressed subjective intent of the parties." *Id.*

Under Washington law, interpretation of an insurance policy is a question of law for the court.  *Overton v. Consol. Ins. Co.*, 38 P.3d 322, 325 (Wash. 2002).  The court should give the terms of the policy a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Id.* (internal quotation omitted).  When interpreting a policy's language, "the insurance contract must be viewed in its entirety; a phrase cannot be interpreted in isolation." *Allstate Ins. Co. v. Peasley*, 932 P.2d 1244, 1246 (Wash. 1997) (citing *Hess v. North Pac. Ins. Co.*, 859 P.2d 586, 589 (Wash. 1993)).  Terms defined within a policy are construed as defined; undefined terms are given their ordinary meaning.  *Boeing Co. v. Aetna Cas. & Sur. Co.*, 784 P.2d 507, 511 (Wash. 1990).  If the policy language on its face is fairly susceptible to two different and reasonable interpretations, then ambiguity exists, and the court must apply the interpretation most favorable to the insured. *Peasley*, 932 P.2d at 1246-47.

---

[2] The court applies Washington law, as specified in the Policy. (Foley Aff. Ex. B at 10.)

ORDER- 4

The court follows a two-step process in determining whether an insurance policy covers an insured's claim. *McDonald v. State Farm Fire & Cas. Co.*, 837 P.2d 1000, 1004-05 (Wash. 1992); *Diamaco, Inc. v. Aetna Cas. & Sur.*, 983 P.2d 707 (Wash. Ct. App. 1999). First, the court determines whether the insured has established that his or her claim triggers coverage. *McDonald*, 837 P.2d at 1004-05. Second, if coverage is triggered, the court determines whether the insurer has established that its policy contains an exclusion provision barring the claim. *Id.* If coverage is not triggered in the first place, "the issue of whether coverage is excluded need not be reached . . . ." *W. Nat'l Assurance Co. v. Hecker*, 719 P.2d 954, 959 n.2 (Wash. Ct. App. 1986); *accord McDonald*, 837 P.2d at 1004-05.

**C.   The Policy**

Here, under both of the *McDonald* steps, Allstate has met its burden to show that it is entitled to summary judgment. Under the first step, Allstate argues that it has no obligation to indemnify or defend the Eisenhuts because a physical attack, like the one the Flemings allege, is not an "occurrence" as defined within the Policy. (Mot. at 6-9.) The Policy requires an "occurrence" to trigger Allstate's liability to provide coverage.[3] (*See* Foley Aff. Ex. B at 40, 42.) The Policy defines the term "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general

---

[3] The Policy's Family Liability Protection covers "damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence." (Foley Aff. Ex. B at 40.) The Policy's Guest Medical Protection covers various medical expenses incurred and medical services performed "within three years from the date of an occurrence causing bodily injury." (*Id.* at 42.)

ORDER- 5

harmful conditions during the Policy period, resulting in bodily injury or property damage." (*Id.* at 3.) Washington courts explain that "an accident is never present when a deliberate act is performed unless some additional unexpected, independent and unforeseen happening occurs which produces or brings about the result of injury or death. The means as well as the result must be unforeseen, involuntary, unexpected and unusual." *Grange Ins. Co. v. Brosseau*, 776 P.2d 123, 125 (Wash. 1989); *accord Allstate Ins. Co. v. Bauer*, 977 P.2d 617, 619 (Wash. Ct. App. 1999). Here, the court finds it unambiguous that the Policy covers only a defined "occurrence," and that the occurrence must be an accident. C.A.E.'s actions, as alleged in the Flemings' complaint, are not a covered occurrence because they were deliberate, not accidental.[4] Thus, if the Eisenhuts were to make an insurance claim to Allstate, their claim would not trigger coverage under the first step.

Even if there had been an occurrence, the Eisenhuts' coverage would be excluded under the second step, as Allstate correctly argues. (*See* Mot. at 10-11.) The Policy contains exclusion clauses that exclude coverage for damages arising from intentional or criminal acts, as well as damages arising from negligent supervision.[5] (Foley Aff. Ex. B

---

[4] Under the Policy's joint obligation clause (Foley Aff. Ex. B at 4), the negligence claims against Mr. Eisenhut and Ms. Seil are also excluded. *See, e.g.*, *Allstate v. Raynor*, 21 P.3d 707, 713 (Wash. 2001) (explaining that a joint obligation clause provides that "when the conduct of one insured defeats liability protection for a given loss, the Policy deprives all other insureds of liability protection for that loss, even if the loss was also proximately caused by one of those parties").

[5] Under Washington law, exclusion clauses apply to all insureds even when only one insured acts. *See Farmers Ins. Co. v. Hembree*, 773 P.2d 105, 109 (Wash. Ct. App. 1989)

ORDER- 6

at 40-43).  Here, the Flemings' underlying complaint only demands damages that arose from C.A.E.'s alleged intentional actions and from Ms. Seil's and Mr. Eisenhut's alleged negligent supervision of C.A.E.  Because the policy expressly excludes coverage for these claims, Allstate is not obligated to provide coverage or a defense to the Eisenhuts in the underlying lawsuit.  Therefore, the court holds that Allstate has met its burden to show that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)(2).

### III.   CONCLUSION

For the foregoing reasons, the court GRANTS Allstate's motion for summary judgment (Dkt. # 19).

Dated this 30th day of March, 2010.

                                                      /s/ James L. Robart
JAMES L. ROBART
United States District Judge

---

(holding that a claim for negligent supervision was barred under an exclusion clause for all insureds where only one insured acted intentionally).

ORDER- 7